IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LUIS QUINONES | PETITIONER |
| V. | CIVIL ACTION NO. 3:19CV505 KHJ-LGI |
| WARDEN DAVID PAUL | RESPONDENT |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Luis Quinones's petition for habeas relief under 28 U.S.C. § 2241. In the instant petition, he seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his conviction for felon in possession of a firearm based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). Because Petitioner fails to satisfy the savings clause of § 2255 (e), Respondent asserts in opposition that the petition should be dismissed for lack of jurisdiction.

At the time of filing, Petitioner was incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. The Court takes judicial notice of the Bureau of Prisons ("BOP") website,[1] which reflects that Petitioner was released on August 13, 2021. However, the docket reflects that he has not provided this Court with a current address since his release from BOP custody and his mail has been returned as undeliverable since December 28, 2020. In addition, Petitioner has not communicated with this Court since filing his petition in 2019, nor has he responded or otherwise

---

[1] *See* www.bop.gov/inmateloc/.

disputed Respondent's assertion that his § 2241 petition should be dismissed for lack of jurisdiction, which is well-taken for the reasons set forth therein.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citing *Lewis*, 494 U.S. at 477–78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10CV160-DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011), *report and recommendation adopted,* No. 5:10-CV-160-DCB-JMR, 2011 WL 2712552 (S.D. Miss. July 8, 2011) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)). A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody.  Even if Petitioner could establish an ongoing "case or controversy" post-release, he has not demonstrated this his § 2241 petition should not be dismissed for lack of jurisdiction for the reasons asserted in Respondent's response in opposition.  Nor does the docket in his underlying criminal case reflect that he has filed a § 2255 petition preserving his claims.  *See generally United States v. Quinones*, No. 8:17cr217 SCB-AEP (M.D. Fla. 2017).

Finally, because Petitioner has not submitted a current address to the Clerk since his release nor communicated with the Court since filing his petition, his Petition is also subject to dismissal for want of prosecution and failure to comply with the Local Rules. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).  Petitioner's failure to reply to Respondent's response in opposition,

3

and his failure to maintain a current address with the clerk of the court suggests that he has lost interest in pursuing his claims for relief.

For all the reasons asserted, the undersigned recommends that the instant petition be dismissed. Alternatively, if Petitioner files a timely objection to this Report and Recommendation, providing a current address and demonstrating why his claims are not moot or are otherwise viable, he should be allowed to proceed. [2]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, , except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended,

---

[2] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences, given that the Court is unable to notify him of such because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.

effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 4, 2021.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE